And for coming out from D.C., both of you. I think you need a cart. Thank you. Next case is Dale v. Wells Fargo. Mr. Labrador, can you hear us? Yes, Your Honor. Good morning. Good morning. Am I coming through okay on the video? We can hear you well. Can you hear us? I can. Is the video on, Your Honor? Yes. Okay, great. Thank you. Go ahead. Thank you. May it please the Court, David Liebreder for the appellant Robert Dale. Your Honors, I would ask for five minutes to reserve for rebuttal. Very well. If you could, we'll try to keep an eye on the clock, so please do so as well. I can see it, Your Honor. Thank you. Your Honor, we believe that Judge Selna of the District Court was respectfully mistaken when he refused to allow the appellant to file a second amended complaint. Judge Selna cited futility as the sole reason, but he didn't elaborate or explain why allowing plaintiff the opportunity to reassert his original breach of contract claim would be futile. After we read Judge Selna's tentative order, which granted the motion to dismiss without leave to amend, we filed a request for oral argument and pointed out to the judge that he had previously ruled that the original breach of contract claim could proceed. We then asked to revert to the original breach of contract. Just one second, counsel. I'm not sure we're seeing the video. We can hear you clearly. We've heard everything you've said, but we can't see you. Today is our day of technical difficulties, so just one second. The clock was stopped at 4. There we go. Mr. Libredo, you may want to turn on and off your video. Oh, sure. I can try that. I can see you now. There we go. Okay. I'm sorry about that. I don't know. As I was saying, after we received the tentative order, we dismissed all the claims. We asked the judge to revert back to the original breach of contract claim, and the judge didn't request this. He just denied it. He said the request is futile, and his tentative was essentially identical to the final order that he issued in the case. So our position is, in light of the judge's prior ruling on the original motion to dismiss, allowing the amendment wouldn't be futile. It would have saved the claim. The judge specifically said that that original breach of contract claim could go forward. So the test for futility is whether it's clear that a complaint could not be saved by any amendment, and that includes whether any additional allegations could be added that aren't inconsistent with the original complaint. As a reminder, Your Honors, this case was in the pleading stages. No discovery had been conducted. The judge had just recently ruled on the original motion to dismiss, and the parties had agreed to stay discovery. So I think that goes to the prejudice argument that I'll touch on in a moment. The defendants hadn't spent any time. Let me stop you. And I don't, you know, not permanently, but I just have a question. You, in your brief, you didn't spend much time on futility. Basically, I took your argument to be that my contract claim passed muster the first time around, and so therefore she should have allowed me to amend because it had already cleared the hurdle. But I didn't see any detail in terms of why it's not futile as it relates to the law laying out whether HOLA or HAMP, as they're called, whether either one of those would preempt the area so there would be no state law claims possible. I didn't see much on that issue, the underlying reasons for your argument. Your Honor, I think in the original order, the order on the original motion to dismiss, the judge said that that claim could survive, and he dismissed out the remaining claim, the other claims that we had. Survived HAMP because HAMP. Correct. I think by distinguishing these other claims, I'm dismissing out because they're preempted, but your breach of contract claim is not. I thought that was sufficient to show that there is a distinguish, we could distinguish that it would not be preempted. But the second time around, didn't the judge say it was preempted not only by HAMP but also by HOLA? Yeah, and we recast the claim, and so it was slightly a different claim. It wasn't the same claim. And so I think that I don't know what the judge's reasoning was. Maybe he just didn't distinguish that we had changed it, changed the claim. I can't speak to that, but it was a slightly different claim, although we didn't abandon it. There was still a breach of contract claim that had been asserted. Yeah, you asserted that that was deemed preempted, correct? Correct, on the second one, but the first one was not preempted. The first one was not operative on the second dismissal. You'd already amended your complaint to change the breach of contract theory, correct? That is correct, Your Honor. So if you were granted leave to amend it, what would you assert? We would have, as I said in our request for oral argument, I would have simply reasserted the original breach of contract claim, and Wells Fargo would have been compelled to file an amendment. So your intent would be just to confine the amendment to the original breach of contract? Yes, Your Honor. Okay, thank you. And as I said, the respondents hadn't spent any time or money or resources building the case up for trial. Really all they did was attack the pleadings. And, you know, so again, they would have found themselves defending this case anyways. And that's the most important factor, whether or not to allow an amendment is prejudice to the other side. And so, you know, Judge Selna had said that, well, they have to answer this claim. The court may be curious as to why we changed the original breach of contract claim and pursued a different one. And remember the facts. The plaintiff went to Wells Fargo to get a home loan in 2007 to try to save his home. Wells Fargo had approved him, and he had to make some trial payments. He wound up making those, and then they just reneged on it. And then, ultimately, a couple years later, he lost his home in foreclosure. Nine years later, out of the blue, this is a very curious case. Nine years later, out of the blue, Wells Fargo sends him a letter saying, we've messed up, essentially. We should have given you a loan. Here's a check for your troubles. So there were no strings attached. There was an opportunity to mediate. We tried to do that. It was rebuffed. So then we filed the lawsuit in the Superior Court. Wells Fargo removed it. They filed a motion to dismiss based on federal preemption. And then all but, again, that original breach of contract claim was dismissed. So we went back to the drawing board. Counsel, instead of going through that history, I guess I have a question. You indicated that you intend to raise the breach of contract claim. Are there any other state law claims that you will repackage the violations that you indicate happened here? I mean, the answer is I don't know. I think that in the future we may discover a claim, but for now we would like to proceed on the original breach of contract claim, and that's all we intend to do. Again, I want to answer your question. I don't want to put myself in a box, for example, in six months from now, while if the case is reinstated and the time to allow an amendment to the pleadings is still in play. I don't want to preclude us from doing that. But right now we'd like to proceed, just revert back to the original breach of contract claim because it's not futile. By definition, it would not be futile. The judge has said that this claim could proceed. And so if I can touch on the factors, the four factors, bad faith, undue delay, prejudice to the opposing party, which carries the greatest weight, and lastly, futility. As to the first one, I don't think that pursuing alternative remedies in the pleading stage that previously had found favor with this judge can be considered to be bad faith. This wasn't done on the eve of trial or done transparently to add a monetary remedy that hadn't been pled as in the Sonner case that was filed. This was really done solely just to give us more than one colorable claim to pursue based on the original set of facts. As to undue delay, likewise, the case is only in the pleading stages. No discovery has been done. The trial is at least a year out if your honors agree to reinstate it. Third factor is prejudice, and there would have been no prejudice. There is no prejudice for Wells Fargo to how the judge permitted the amendment, and the reason is that they were going to have to answer the original claim anyways, and they hadn't spent any time, as I said, building the case up for trial. So if I might talk just on your original breach of contract theory, when did the breach occur? You know, that's the interesting thing. I guess when they didn't give him the loan that they were supposed to give him. And what year was that? That would have been in, well, the home was foreclosed on in 2012, so I would say 2012. The reason I ask is it seems like you have a statute of limitations problem. If the breach arose, the breach occurred when they didn't give him the loan. I understand that, your honor, and I appreciate it. That wasn't raised, actually. I know. Nobody's raised it. I don't want this to be a futile exercise. It certainly was a factor in our choosing to recast the claim. I can say that. That's kind of what I thought. Yeah. Anyways, I see my time is up, so I would like to reserve a little bit of time for rebuttal if I could. Very well. Thank you. Thank you, your honor. Mr. Simpson, welcome. Good morning, and may it please the Court. My name is Kevin Simpson, and I represent the appellee, Wells Fargo. As the Court has indicated through its questioning, this case presents a fairly narrow and, I think, straightforward issue. The Court is not called upon to decide whether the district court erred in dismissing plaintiff's first amended complaint. Rather, the only issue is whether the court erred in denying plaintiff's request to file a second amended complaint. And the question and the standard of review is whether the district court committed a gross abuse of discretion in its denial of that request. And the answer to that question is no, and, therefore, this Court should affirm. Why under Carvello couldn't the plaintiffs seek relief here? Well, I don't contend that the plaintiffs couldn't ask for it, and I also don't contend that the district court would have been outside of its discretion to grant the request to amend. But that's not what happened. The district court exercised its particularly broad discretion in denying the request for relief to amend. But it only relied on futility. It didn't rely on any of the other things, prejudice, bad faith. It had discussed those things in the first time around when there was a motion to amend, and it found none of those things existed. This time it didn't address those factors at all. It just went right to futility, and it didn't talk about prejudice or bad faith or any of those things. Now, you spent a lot of time in your briefing in regard to those issues, but futility is the only issue that the judge relied upon. Well, that's true, Your Honor, but a couple of responses. First of all, as the Court well knows under the Griffin case that we cite in our brief, this court can affirm on any basis offered by the record. And the basis that we're urging in our brief is the rule set forth in Royal Insurance and the Oregon Teamsters case, which is that when the court has already granted leave to amend once, it has particularly broad discretion in declining to do so a second time. And that's especially the case, as those two cases tell us, when the basis for amendment is not the discovery of new facts or even the assertion of new facts, but rather a retread of old legal theories that have previously been abandoned. The Teamsters case is on all fours in that regard for this case. And that's a valid basis for this court to affirm the district court's decision, regardless of the basis for the district court's decision. But, Your Honor, the second reason that you don't see a lot of discussion of futility in the briefing is because Appellant's brief doesn't mention the word futility. As Judge Oliver noted in the prior questioning, I think you framed it as you don't see much discussion. I would put it differently, which is that the word futility isn't mentioned in Appellant's opening brief. We can imply it, can't we? He's basically saying that I had a claim before, it underwent scrutiny by the court, and now I'm simply asking the judge to reinstate that claim, allow me to restate that claim. And so it wouldn't be futile if the judge allowed it first. I think that's his argument. That's his implication, and that's what he's argued here in court today, but that argument didn't appear in the briefs. Nevertheless. But why would it be futile when the district court had previously allowed it? And, you know, it's not strictly a law of the case problem, but the district court had already said it was a viable claim. Why do you think it would be futile? It would be futile, Your Honor, because it would not survive under the court's HAMP analysis in dismissing the amended complaint. There is not really a meaningful difference in terms of the HAMP aspect of the two breach of contract claims. Both breach of contract claims are premised upon the denial of plaintiff's request for a home loan modification. The first breach of contract claim was simply that the request was denied under HAMP, and the second claim, the amended claim, was that Wells Fargo breached its agreement to accurately assess plaintiff's qualification for a home loan modification under HAMP. They're both fundamentally HAMP claims. But you sought dismissal on the basis of HAMP as well as other grounds. They had shown no causation in regard to the first contract claim, and the court did not dismiss the claim in the face of an argument that HAMP required dismissal. And the court went on to say, and there's no causation issue. So the court had addressed the HAMP issue in that regard. So are you suggesting that the court looked at it a second time and said, I was wrong? Are we to imply that? Judge Oliver, the court didn't come out and say as much, but reading between the lines, that's my inference of what happened. If you look at the record at ER 153 and 154, that's the district court's discussion of the original breach of contract claim on our first motion to dismiss. And as you note, the court didn't take up our HAMP argument with respect to the breach of contract claim. I don't know why, but the district court only addressed the causation argument and whether plaintiff had pleaded the causation element of his breach of contract claim. But they denied your motion. That's right, Your Honor. And if he had granted your motion, the claim would have been gone. So he allowed it to remain. I think that's meaningfully different, Your Honor, from an affirmative ruling by Judge Selna that the original breach of contract claim could survive under the HAMP doctrine that was the reason for dismissing the second contract claim. Why isn't it viable under Corvello, the breach of contract claim? Well, Corvello is a HOLA preemption case, Your Honor. In our view, that's distinct from the HAMP issue that we're raising. But analytically, they seem to be similar. They are similar, Your Honor, but I think they're meaningfully different. One is a preemption doctrine and the other is not a preemption doctrine. The cases don't really refer to the HAMP issue in terms of preemption like they do for HOLA. Rather, it's HAMP does not provide a private right of action, and the courts have said that seeking to repackage a HAMP claim through the guise of state law claims is impermissible. And I think that's different from HOLA preemption. And again, even as to HOLA preemption, it's questionable whether the breach of contract claims would survive. But I don't think the court needs to get into any of that, and it's for a reason that I've stated previously, which is that plaintiff develops none of this in any of his briefing. He gives the court no tools by which to analyze the futility issue and say, Judge Selna abused his significant discretion, in fact, grossly abused his significant discretion in holding that the original breach of contract claim is futile. That's just not developed in the briefs. It was waived in the opening brief, I would contend. And so I understand the need for the discussion around the futility issue, but, again, it's waived. And I don't think that this court should, in the first instance, second-guess Judge Selna's futility reasoning when the plaintiff has given the court no basis to do so. But he's appealing an order of the court that denies leave to a man based on futility. So that's the first thing. That's what he's appealing. Now, he doesn't address it much in terms of the underlying reasoning, although one could say that he's raising the issue. But you spend a lot of time on undue delay and other issues like that. This case wasn't around very long. And so it's hard. That's your case, though, that we should look at bad faith, we should look at undue delay, prejudice to the parties, and whether plaintiffs previously had opportunities to amend the complaint. And we should rule in your favor based on balancing those factors. That's your main argument? That is my main argument, and it's more than that. It's viewed through the prism of the rules set forth in Royal Insurance and the Oregon Teamsters case. Again, this is not a case where this is the first request for leave to amend. It's a second request for leave to amend, and the standard is particularly unfavorable for plaintiff in that context. And the basis for amendment is also disfavored, which is that it's an amendment to reassert a claim that was previously abandoned strategically. And Plaintiff's Counsel makes no secret of this. He said it again in questioning. He made a strategic decision to, quote, recast the breach of contract claim to better come in line with Judge Sona's first ruling. I don't know what clear cut case there could be of, I don't want to say gamesmanship, but certainly strategic and voluntary abandonment of a claim. And again, Royal Insurance and the Oregon Teamsters case are quite clear that when the district court is faced with that situation, it has very broad discretion, and there's simply not a reason offered in any of the briefing to reverse that discretion, even if the court would have come to a different conclusion on the futility question, which I respectfully submit it shouldn't for the reasons that we've discussed. But even if this court would reach a different conclusion, the question is whether Judge Sona abused his discretion, whether he grossly abused his discretion in making his futility holding, and he didn't. So while I understand that Judge Sona's discussion of the futility issue was not particularly robust, again, the Thinkit case we cite in our brief and the Griffin case we cite in our brief say that as long as the basis is clear from the record, then this court should affirm, and indeed it must unless there's a gross abuse of discretion, unless the court has any further questions, I'll just simply conclude by saying that I would contend that this is fundamentally a Rule 1 issue, Federal Rule of Civil Procedure 1, and the cases support that. Rule 1, as the court knows, calls for the just, speedy, and inexpensive determination of claims, and I think that's the policy that underlies the Royal Insurance case and the Oregon Teamsters case. If a plaintiff is allowed to essentially play a game of musical claims and just swap them in and out strategically as he meets with failure throughout the litigation, there will be no just, speedy, and efficient resolution of claims. And, in fact, there's no limiting principle to the theory that plaintiff is putting forward. If he can always go back to some prior abandoned theory in the face of adversity as the litigation proceeds, then the litigation will never end. Let me ask you this. So we've got these factors that we balance, and one of them is futility, and that's the one the court relied upon. Now we look at it, and we look at all those factors you were talking about, including futility. So we can't avoid the discussion in regard to futility because it's one of the factors, right? It's one of the factors, isn't it? Your Honor, it is a factor. I wouldn't say that it's a totality of circumstances test. I would say that the district court can deny leave to amend based on any of those factors. So I don't think that if it's 50 percent likely to be futile and it's 70 percent prejudicial to the defendant, then I'll deny leave to amend. I don't think that that's how the analysis should proceed. The court can rely on any one of those factors. Here it relied on futility. Yes, Your Honor? Well, you can rely on one, but that's not to say that often you're not balancing the factors and one might rise to a level, such as futility, that you wouldn't have to be concerned about the others. Because if it's futile, then the other factors are not important. So that's when you talk about one factor or an example of when you talk about one factor, but normally you're looking at all the factors, aren't you? I agree with that, Your Honor. Here Judge Sona looked at one factor. That wasn't a gross abuse of discretion. The plaintiff doesn't develop an argument for why it was. But, again, Wells Fargo urges that this court can look at the other factors as well because those factors are apparent from the record. And I'll just say it one last time. This case is on all fours with Oregon Teamsters, where the plaintiff voluntarily abandoned a state law claim because the plaintiff believed that the other state law claims were not preempted under ERISA. That turned out to be wrong. The district court said, yes, your state law claims are preempted under ERISA. The plaintiff wanted to go back to his original state law claim, which was a fraud claim, and the district court said, no, you've had your opportunity, and this court affirmed. And the reason this court affirmed is because that decision by the district court was not a gross abuse of discretion, and that's exactly the fact pattern that we have here. So unless the court has further questions, I would ask the court to affirm. Any additional questions? Thank you. All right, thank you. Thank you. Counsel? Thank you, Your Honor. Yes, speaking of Oregon Teamsters, again, it's a very different case. This is after discovery is concluded, and this was a third amendment that had been requested. Also, the Royal Insurance case, again, a third amendment. Oh, and the Oregon Teamsters, after summary judgment, had been granted dismissing the claim. Royal Insurance, again, was going to be a third amendment, again, after discovery, after motion for summary judgment. So very different than what we have here, and I would concede that if it was that late in the case, it's something different. But it's still early in the case, still at the cleaning stages in the case, and, again, that goes to one of the factors, which is undue delay. So, yeah, those cases were very, very much different. As to, again, defendants had tried to dismiss the original breach of contract claim based on HAMP, and that was denied by the judge. The issue of futility in the statement of claim never raised. Your Honor raises a very good point, and it's funny that everyone danced around that issue, but it was never raised in the motions to dismiss, and it was never raised in the judge's order. So it's really, I guess I would just submit that it's really not part of the record. It may be a factor for us going forward, but presently it's really not. So, again, we've only been given one amendment, and these cases that were cited by Oregon Teamsters, Royal Insurance, and there were a couple others, SONR, very different than what we have here. So I'd like to just address the equities real quick. You know, this is a situation where Wells Fargo has admitted their mistake, and this is part of the record in sending the motions to dismiss. They've refused to produce the documents that gave rise to their discovery nine years later. This came up in the Rule 26 Voluntary Exchange. They refused to produce the information. We took it up with them, and then, you know, of course, the motion to dismiss was filed, and that was kind of the end of it. But, again, it's part of the record. And in this regard, I think, you know, they kind of come into this with a little unclean hands for denying the plaintiff originally a home modification, waiting nine years, and then not producing the documents. You know, we might have found something in that that could have helped us today. So just in conclusion, I would close by just saying this claim clearly can be saved by restating the original amendment, original breach of contract claim. Therefore, it is not futile. The prejudice to Wells Fargo is virtually nonexistent. Again, had we pled in the alternative, had we pled to breach of contract claims, they would find themselves, yes, Judge Selna would have dismissed everything in the amended complaint, but still they would be facing that original breach of contract claim that they would have to file an answer to. So I would submit that it's not futile and it's not prejudicial. And with that, if Your Honors have any questions, I'd be happy to try to answer them. If not, we will submit. All right. Thank you very much. We don't have any additional questions. Thank you both for your arguments. This case will stand submitted. And I believe that's all we have for today. Thank you. Thank you, Judge. All rise.
judges: THOMAS, MENDOZA, Oliver